**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:23-cv-02258-GPG-JPO

PEARSON AIR CONSTRUCTION LLC,

      Plaintiff,

v.

PCL CONSTRUCTION SERVICES, INC.

      Defendant.

---

**DEFENDANT'S ANSWER TO PLAINTIFF'S**
**PETITION FOR DECLARATORY JUDGMENT AND COUNTERCLAIMS**

---

Defendant PCL Construction Services, Inc. ("PCL" or "Defendant"), through its undersigned attorneys, for its Answer to Plaintiff's Petition for Declaratory Judgment ("Petition" or "Complaint"), states as follows:

**ANSWER**

**I. DISCOVERY CONTROL PLAN**

1.      The allegations in Paragraph 1 of the Complaint consist of a legal conclusion and therefore require no answer. To the extent the allegations can be construed to require an answer, PCL denies them.

**II. PARTIES**

2.      PCL admits that Plaintiff Pearson Air Construction, LLC is a limited liability company formed in Texas, admits that Plaintiff is a resident of Texas, and denies that Plaintiff is a resident of Colorado.

3.      PCL admits the allegations contained in Paragraph 3.

### III. VENUE AND JURISDICTION

4.      PCL denies that venue is proper in Tarrant County, Texas and accordingly denies the allegations contained in Paragraph 4.

5.      PCL admits that the Texas state court, where the original Complaint was filed, had subject matter jurisdiction over declaratory actions. PCL affirmatively states that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) and 28 U.S.C. § 1441(a).

6.      PCL denies that the Texas state court had personal jurisdiction over PCL and accordingly denies the allegations contained in Paragraph 6. PCL affirmatively states that this Court has personal jurisdiction over PCL.

### IV. FACTS

7.      PCL admits the allegations contained in Paragraph 7.

8.      PCL admits the allegations contained in Paragraph 8.

9.      PCL admits in part and denies in part the allegations contained in Paragraph 9.  PCL is without sufficient knowledge or information to admit or deny the allegations contained in the first portion of sentence 1 regarding analysis completed by Pearson, and therefore denies the same. PCL admits that Pearson submitted a proposal for HVAC for $3,570,000.00.  PCL denies the remaining allegations contained in Paragraph 9.

10.     The allegations in Paragraph 10 refer to a writing, the contents of which speak for themselves. To the extent that a response is required, PCL denies any allegations in Paragraph 10 inconsistent with that writing and with law.

58157826.2

11.     PCL admits the first sentence of Paragraph 11, that it sent Pearson a Subcontract Agreement for Execution.   The second, third, and fourth sentences of Paragraph 11 refer to writings, the contents of which speak for themselves. To the extent that a response is required, PCL denies any allegations in the second, third, and fourth sentences of Paragraph 11 that are inconsistent with those writings and with law. PCL admits in part the allegation contained in the fifth sentence by admitting it requested a bond.  PCL otherwise denies the remaining allegations in Paragraph 11.

12.     PCL denies the allegations contained in Paragraph 12.

13.     The allegations in Paragraph 13 refer to writings, the contents of which speak for themselves. To the extent that a response is required, PCL denies any allegations in Paragraph 13 inconsistent with those writing and with law.

14.     PCL denies the allegations contained in Paragraph 14.

15.     PCL denies the allegations contained in Paragraph 15.

16.     PCL admits in part and denies in part the allegations contained in Paragraph 16. PCL admits that the parties entered into a binding and enforceable contract and admits that it informed Pearson it intended to bring a breach of contract action.  PCL denies the remainder of the allegations contained in Paragraph 16.

17.     The allegations contained in Paragraph 17 call for a legal conclusion and therefore require no answer.  To the extent the allegations can be construed to require an answer, PCL denies the allegations contained in Paragraph 17.

58157826.2

## V. DECLARATORY JUDGMENT

18.     The allegations contained in Paragraph 18 call for a legal conclusion and therefore require no answer.  To the extent the allegations can be construed to require an answer, PCL denies them.

19.     The allegations contained in Paragraph 19 call for a legal conclusion and therefore require no answer.  To the extent the allegations can be construed to require an answer, PCL denies them.

20.     The allegations contained in Paragraph 19 call for a legal conclusion and therefore require no answer.  To the extent the allegations can be construed to require an answer, PCL denies them.

21.     The allegations contained in Paragraph 19 call for a legal conclusion and therefore require no answer.  To the extent the allegations can be construed to require an answer, PCL denies them.

## VI. ATTORNEY'S FEES

22.     PCL denies that Pearson is entitled to attorneys' fees and therefor denies Paragraph 22.

## VII. PRAYER

WHEREFORE, PCL denies that Pearson is entitled to any relief whatsoever and respectfully requests judgment dismissing the Complaint with prejudice and with costs, expert fees, and attorneys' fees, as may be allowed by law, and such further relief as the Court deems appropriate. PCL specifically:

1.     Denies the allegations contained in Paragraph 1 of the Prayer.

58157826.2

2.      Denies the allegations contained in Paragraph 2 of the Prayer.

3.      Denies the allegations contained in Paragraph 3 of the Prayer.

4.      Denies the allegations contained in Paragraph 4 of the Prayer.

## GENERAL DENIAL

PCL denies that Pearson is entitled to any sum of money or any other relief it seeks in its Complaint. PCL generally denies each and every allegation in the Complaint to the extent that such allegations are not specifically addressed herein.

## AFFIRMATIVE AND SEPARATE DEFENSES

PCL states the following Affirmative and Separate Defenses without assuming the burden of proof on such defenses that would otherwise rest on Pearson.

1.      The Claims for Relief asserted in the Complaint should be dismissed, in whole or in part, because they fail to state a claim upon which relief may be granted.

2.      The Complaint herein and each purported claim for relief thereof are barred, in whole or in part, by the parol evidence rule.

3.      The Claims for Relief asserted in the Complaint are barred, in whole or in part, by the doctrine of waiver.

4.      The Claims for Relief asserted in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

5.      The Claims for Relief asserted in the Complaint are barred, in whole or in part, because Plaintiff failed to mitigate its damages.

9.      The Claims for Relief asserted in the Complaint are barred, in whole or in part, by plaintiff's own conduct.

58157826.2

12.     Defendant reserve the right to assert, inter alia, other affirmative defenses, counterclaims, cross-claims, or third-party claims, as discovery proceeds.

**PRAYER FOR RELIEF**

**COUNTERCLAIMS**

PCL Construction Services, Inc. ("PCL"), for its Counterclaims against Pearson Air Construction, LLC ( "Pearson"), hereby alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     Counter-claim Plaintiff PCL Construction Services, Inc. is a Colorado corporation in good standing with a principal place of business located at 200 S. Colorado Blvd., Ste. 2-500, Denver, Colorado 80222.

2.     Counter-claim Defendant Pearson Air Construction, LLC is a Texas limited liability company with a principal place of business located at 2531 Carl Rd., Ste. 100, Arlington, Texas 76015. Pearson asserts that its members are Pearson Mechanical, Inc., a Texas corporation, and Pearson Air Colorado, Inc., a Colorado corporation.

3.     This Court has original diversity jurisdiction under 28 U.S.C. §1332(a)(1) and 28 U.S.C. § 1441(a).

4.     Diversity of citizenship exists in this matter because Pearson created and incorporated Pearson Air Colorado, Inc., the Colorado corporation, and made it a member of Plaintiff Pearson for the sole purpose of defeating diversity jurisdiction in advance of a dispute between Pearson and PCL.

5.     Specifically, prior to March 30, 2023, Plaintiff's sole member was a Texas corporation.

58157826.2

6.     After receiving a demand letter from PCL, Pearson formed the Colorado corporation, granted it membership in Pearson, and filed suit in Texas less than two weeks later.

7.     "Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Grassi v. Ciba–Geigy, Ltd.*, 894 F.2d 181, 183 (5th Cir. 1990) (quotation omitted); *Lowell Staats Min. Co. v. Philadelphia Elec. Co.*, 651 F. Supp. 1364, 1365 (D. Colo. 1987).

8.     Because Pearson changed its structure to defeat diversity jurisdiction in advance of this lawsuit, this Court should disregard the citizenship of Pearson Air Colorado, Inc. when determining Pearson Air Construction, LLC's citizenship for purposes of removal.  *Wireless Agents, LLC v. T-Mobile USA, Inc.*, No. 3:06-cv-0480-D, 2006 WL 1627922, at *1 (N.D. Tex. June 8, 2006) (considering whether conveyance of ownership interest was done principally to defeat removal); *Nukote of Illinois, Inc. v. Clover Holdings, Inc.*, No. 3:10-cv-580-P, 2011 WL 13290667, at *3 (N.D. Tex. Mar. 8, 2011) (stating that the Court may "pierce the pleadings" and look beyond jurisdictional facts alleged where there are allegations of fraud or improper inclusion of non-diverse parties).

9.     The amount in controversy exceeds $75,000, as the amount of the contract at issue is $3,570,000.

10.     Further legal support for subject matter jurisdiction appears in PCL's Notice of Removal [ECF 1] and Response to Motion to Remand [ECF 16].

11.     Pursuant to 28 U.S.C. §1391(b)(2), venue is proper in the District of Colorado because the contract between the parties was to be performed in Jefferson County, Colorado.

58157826.2

## GENERAL ALLEGATIONS

12.     PCL is the general contractor for the construction of the Olde Town Residences multi-family construction project located at 7295 W 56th Ave., Arvada, CO 80002 (the "Project").

13.     On or about August 18, 2021, PCL invited Pearson to submit a bid (the "Invitation to Bid") to perform the mechanical scope of work as a subcontractor to PCL on the Project.

14.     The documents provided to Pearson along with the Invitation to Bid included the material terms of the subcontract, including several of the subcontract exhibits, including (1) Exhibit B, Project Specific Requirements; (2) Exhibit C, Project Schedule; (3) Exhibit E, Subcontractor Safety, Health and Environmental Requirements; and (4) Exhibit F, Quality Control/Assurance Requirements (the "Bid Package"). The Bid Package also included critical components of Exhibit C, Contract Documents, including the complete specifications, plans, and PCL's Uniform Special Conditions to Subcontract.

15.     PCL noted in the Invitation to Bid that the Project "has come back to market and was awarded to PCL Construction pending a final [guaranteed maximum price]."

16.     In the construction industry, a guaranteed maximum price (a "GMP") is a type of contract in which a general contractor, like PCL, submits a budget for the project with a maximum price and assumes responsibility for all costs in excess of the GMP that are not additional costs approved by the owner by change order or other contract modification.

17.     A general contractor's budget, and its GMP, are based upon the bids and estimates it receives from subcontractors, such as Pearson, at the bid stage.

18.    General contractors therefore rely upon subcontractor bids to establish the budget and GMP and for the subcontractors to complete the scope of work consistent with the bid documents and for the price bid.

19.    In response to the Invitation to Bid, Pearson submitted a bid to PCL for the mechanical scope of work. Pearson's bid for that work was $3,570,000.

20.    Before Pearson submitted its bid, it had received and had the opportunity to review the material terms of the subcontract documents.

21.    PCL incorporated Pearson's $3,570,000 bid into its budget and GMP, which PCL submitted to the Project owner to secure the prime contract.

22.    On September 24, 2021, PCL accepted Pearson's bid through a letter of intent (the "LOI") alerting Pearson of PCL's intent to award a subcontract to Pearson.

23.    The LOI attached a copy of Pearson's $3,570,000 bid and stated the subcontract would issue in the bid amount "based on the current scope of work agreed to."

24.    The LOI again attached PCL's Uniform Special Conditions to Subcontract.

25.    On or about September 27, 2021, Pearson Vice President of Sales Brad Martin executed and returned a copy of the LOI to PCL, "thereby accepting and agreeing to the terms set forth in this letter," which contained and confirmed the material terms of the parties' agreement.

26.    The LOI closed by directing Pearson to "continue with the prerequisite efforts, including development of required submittals," and "affirmed PCL "look[s] forward to working with you on this project.

58157826.2

27.     After Pearson accepted the LOI, it began submitting its financial information for review as part of the administrative prequalification process. Pearson and PCL completed this process on or about March 15, 2022.

28.     PCL sent Pearson a copy of the formal subcontract and exhibits for signature on or about March 23, 2022 (the "Subcontract"). Pearson's only objection to the Subcontract was the legal name of the company. Pearson did not make any substantive objections to the Subcontract and agreed to sign it.

29.     Before Pearson signed the formal subcontract; however, it notified PCL that it no longer wished to work on the Project and refused to honor its bid or agreement.

30.     At no time prior to Pearson's notice did Pearson indicate that it could not or would not perform under its bid or the Subcontract.

31.     Because Pearson refused to perform, PCL had to hire a replacement subcontractor to perform the mechanical scope of work.

32.     PCL's replacement mechanical subcontractor cost $6,817,925, or $3,247,925 more than Pearson's bid.

33.     As a result of Pearson's refusal to complete the mechanical work on the Project, PCL has been damaged by at least $3,247,925.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

1.     PCL incorporates the allegations of the foregoing paragraphs as though fully set forth herein.

2.     PCL and Pearson formed an agreement under which Pearson would perform the mechanical scope of work on the Project in exchange for payment of $3,570,000.

58157826.2

3.      PCL and Pearson's agreement is a valid and enforceable contract.

4.      PCL has performed its obligations under the contract or is legally excused for so performing.

5.      Pearson has breached the contract by refusing to perform any of the work it agreed to perform under the subcontract.

6.      PCL has been damaged by at least the $3,247,925 difference between Pearson's bid and the contract price of the replacement subcontractor, plus prejudgment interest and applicable attorney fees, if any.

7.      All conditions precedent to the maintenance of this action have been satisfied.

## SECOND CLAIM FOR RELIEF
### (Promissory Estoppel)

8.      PCL incorporates the allegations of the foregoing paragraphs as though fully set forth herein.

9.      Pearson submitted a bid proposal to PCL for the mechanical scope of work on the Project.

10.     Pearson should have reasonably expected that PCL would rely on Pearson's bid when PCL submitted its budget and GMP to the Project Owner.

11.     PCL reasonably and justifiably relied upon Pearson's bid in calculating its budget and guaranteed maximum price.

12.     PCL was awarded the prime contract based upon the budget and GMP it submitted, which incorporated Pearson's bid.

58157826.2

13.     Pearson's refusal to honor its bid caused PCL to sustain damages in the amount of at least the $3,247,925 difference between Pearson's bid and the contract price of the replacement subcontractor, plus prejudgment interest and applicable attorney fees, if any.

### PRAYER FOR RELIEF

WHEREFORE, PCL requests that the Court enter judgment in its favor and against Pearson as follows:

1.      Judgment in favor of PCL on PCL's first claim for relief for breach of contract, plus an award of damages, prejudgment interest, attorney fees and costs; and

2.      Judgment in favor of PCL on PCL's second claim for relief for promissory estoppel, plus an award of damages, prejudgment interest, and attorney fees and costs; and

3.      For such other and further relief as is just and proper under the circumstances.

DATED: February 8, 2024.

/s/ *Andrea W D Savage*
Tamir Goldstein, # 32413
Andrea W.D. Savage, #55091
Sherman & Howard L.L.C.
675 Fifteenth Street, Suite 2300
Denver, Colorado 80202
Telephone: (303) 297-2900
Facsimile: (303) 298-0940
Email: tgoldstein@shermanhoward.com
asavage@shermanhoward.com
*Attorneys for Defendant PCL Construction Services, Inc.*

58157826.2

**CERTIFICATE OF SERVICE**

Served upon all parties via CM/ECF e-filing, this <u>8th</u> day of February, 2024.

/s/ *Terri Gonzales*

Terri Gonzales, Practice Assistant

58157826.2